UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David P., | Civ. No. 23-5 (JWB/TNL) |
| Plaintiff, | |
| v. | **ORDER**<br>**ON CROSS-MOTIONS FOR**<br>**SUMMARY JUDGMENT** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

David F. Chermol, Esq., Chermol & Fishman LLC, and Edward C. Olson, Esq., Reitan Law Office, counsel for Plaintiff.

Ana H. Voss, Esq., United States Attorney's Office, and Angela Thornton-Millard, Esq., and James D. Sides, Esq., Social Security Administration, counsel for Defendant.

After the Social Security Administration denied Plaintiff's application for social-security disability insurance benefits, he brought this action challenging the decision. The parties have since filed cross-motions for summary judgment. (Doc. Nos. 8, 11.)

## BACKGROUND

Plaintiff David P.[1] filed an application for disability insurance benefits in April 2020. (Doc. No. 6, Administrative Record ("Admin. Rec.") at 243–44.) Plaintiff alleged that he became disabled after a car accident in April 2016, and claimed as disabling conditions herniated discs in his lower back, chronic pain, and numbness. (*Id.* at 269.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

An individual is considered disabled for purposes of Social Security disability benefits if they are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). Step one requires the claimant to establish that they are not engaged in any "substantial gainful activity." *Id*. § 416.920(a)(4)(i). At step two, the claimant must establish that they have a severe medically determinable impairment or combination of impairments. *Id*. § 416.920(a)(4)(ii). The Commissioner will then assess whether, having satisfied steps one and two, the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id*. § 416.920(a)(4)(iii). If so, the Commissioner must find the claimant disabled, ending the evaluation; if not, the evaluation proceeds to step four. The claimant then bears the burden of establishing their

residual functional capacity ("RFC") and proving that they cannot perform any past relevant work. *Id*. § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). Finally, the burden shifts to the Commissioner at step five to show that, considering the claimant's RFC, the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After the Social Security Administration denied Plaintiff's application for benefits initially and on reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). (Admin. Rec. at 109, 116, 120.) Plaintiff testified at the hearing and was represented by an attorney. (*Id.* at 15–27.) After the hearing, the ALJ determined that Plaintiff had the severe impairments of lumbar degenerative disc disease and obesity. (*Id.* at 17.) The ALJ found, however, that none of these impairments, either alone or in combination, met or medically equaled any listed impairments. (*Id.* at 18–19.)  After thoroughly reviewing Plaintiff's medical history, the ALJ found that Plaintiff had the RFC to perform light work with some physical restrictions such as a sit/stand option, no use of foot controls, no climbing of ladders, ropes, or scaffolds, no kneeling, rarely climbing stairs, and only occasionally stooping, crouching, or kneeling. (*Id.* at 19.) The ALJ also restricted Plaintiff to occasional overhead reaching. (*Id.*) These restrictions meant that Plaintiff did not have the capacity to perform his past employment; however, the ALJ found that there were other jobs in the national economy Plaintiff could perform. (*Id.* at 25–27.) The ALJ thus concluded that Plaintiff was not disabled. (*Id.* at 27.)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision (*id.* at 1–6), and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## DISCUSSION

Review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* An ALJ's decision is sufficiently supported even if the record allows for "inconsistent positions," so long as "one of those positions represents the [ALJ's] findings." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted). "We will not reverse simply because some evidence supports a conclusion other than that reached by the ALJ." *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Plaintiff raises a single challenge to the ALJ's disability determination. Plaintiff contends that the ALJ did not include all functional restrictions imposed by an impartial medical expert in the RFC, despite finding that expert persuasive, and did not adequately explain the reasoning behind that decision.

## I. Residual Function Capacity ("RFC") Restrictions

Plaintiff argues that, because the ALJ found the opinions of Dr. Howard Shapiro

4

persuasive, the ALJ's only options were either to accept all of the restrictions in Dr. Shapiro's opinions, or to reject all of them. (Doc. No. 9 at 3.) Plaintiff misapprehends both what the regulations require and the role of the ALJ.

An RFC determination must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013). A claimant's RFC is a matter solely for the ALJ to determine. 20 C.F.R. § 404.1546(c); *see also Mark S. v. Saul*, No. 18-CV-02936-HB, 2020 WL 1043795, at *7 (D. Minn. Mar. 4, 2020) ("The ALJ is responsible for assessing a claimant's RFC.").  The ALJ is not required to accept any opinions, nor is the ALJ required to adopt wholesale the opinion of any medical expert, even if the ALJ views that opinion as persuasive. *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) ("[T]he ALJ is free to accept some, but not all, of a medical opinion.").

Dr. Shapiro testified that Plaintiff could be "on his feet for half an hour at a time and for up to two hours in a working day." (Admin. Rec. at 58.) The ALJ found Dr. Shapiro's opinion "generally persuasive." (*Id.* at 24.)  As Plaintiff points out, however, the RFC as formulated by the ALJ did not echo Dr. Shapiro's language. Rather, the ALJ determined that Plaintiff could perform light work with a "sit/stand option whereby without going off task [Plaintiff] alternates between sitting and standing." (*Id.* at 19.)

Although the ALJ did not restate the restrictions in Dr. Shapiro's testimony verbatim, the restrictions imposed are functionally the same as those to which Dr. Shapiro testified. And the ALJ noted as much, stating that the RFC restrictions "largely

5

accommodated" the restrictions Dr. Shapiro assigned, because "the sit/stand option accounts for the time on feet and time seated limitations set forth by Dr. Shapiro." (*Id.* at 24.) To the extent Plaintiff believes that the ALJ's determination regarding Plaintiff's ability to do light work—which allows for up to six hours per day of standing or walking—is contrary to Dr. Shapiro's opinion, he is similarly incorrect. *See Fenton v. Apfel*, 149 F.3d 907, 911 (8th Cir. 1998) (noting that the Dictionary of Occupational Titles "represents the maximum [exertional] requirements for each position" and that a two-hour limit on standing is consistent with some work at the light exertional level). The RFC specifically requires that Plaintiff be allowed a "sit/stand option" so that Plaintiff can determine how much standing he could manage. (Admin. Rec. at 19.) The vocational expert accounted for Plaintiff's need for a "sit/stand option" in finding that work was available at a light exertional level. (*Id*. at 66.) There is no real inconsistency between Dr. Shapiro's opinion and the RFC—and even if there were, the RFC is supported by substantial evidence.

      Plaintiff also contends that the RFC did not incorporate the reaching restrictions in Dr. Shapiro's opinions. Dr. Shapiro testified that Plaintiff "may have occasional restrictions on his ability to reach particularly above his shoulders with either arm." (*Id.* at 58–59.) The RFC limited Plaintiff to "occasionally overhead reaching." (*Id*. at 19.) The RFC's limitation to occasional overhead reaching is not substantively different from Dr. Shapiro's opinion that Plaintiff may have occasional restrictions on his ability to reach overhead. And other opinions the ALJ found persuasive did not note any reaching restrictions. (*See id*. at 24–25 (discussing state agency consultant's opinion that had no

6

lifting or reaching restrictions).) Plaintiff has not demonstrated that the RFC did not adequately account for the restrictions supported by the record. Substantial evidence supports the ALJ's RFC determination.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff David P.'s Motion for Summary Judgment (Doc. No. 8) is **DENIED**.

2. Defendant Kilolo Kijakazi's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**.

3. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: November 16, 2023

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Court Judge